■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN NEVINS, Appellant. [611 NYS2d 69] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the People's proof is legally insufficient to establish that he constructively possessed the firearm and cocaine found during a search of a bedroom at 237 Emslie Street in Buffalo. Although defendant was not present during execution of the warrant, the discovery of numerous personal effects in the bedroom, including defendant's current driver's license and public assistance identification card, supported an inference that defendant resided in that room. There was no

evidence that anyone else's personal effects were in that room and, despite the presence of the apartment owner and other apartment occupants, the police were required to break the padlock on the door of the bedroom before entering. That proof, viewed in the light most favorable to the People, is sufficient to warrant an inference that defendant had dominion and control over the firearm and cocaine found in the bedroom *(see,* Penal Law § 10.00 [8]; *People v Watson,* 56 NY2d 632).* (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.